IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

In re:                                    )
                                          )
SHAWN MARIE SEELEY,                       )   Case No. 05-46515-drd
                                          )
        Debtor.                           )

## MEMORANDUM OPINION

The matter before the Court in this case is the objection by the Trustee to the claim by debtor Shawn Marie Seeley ("Debtor") of a homestead exemption in property located in Freeman, Missouri. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B). The Trustee contends the Debtor abandoned the property and forfeited her right to claim it as a homestead when she vacated the property some time in 2003 and subsequently listed it for sale with a realtor. Debtor contends that she vacated the property in order to secure better educational opportunities for her children and intended to return as evidenced by her having occasionally done so during the period prior to the filing of the petition and leaving certain personal possessions behind. Debtor also contends that although she did list the property for sale, she intended to retain a portion of the property or reinvest the proceeds in another homestead in a nearby location. This opinion contains the Court's Findings of Fact and Conclusions of Law as required by Rule 52 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. For all the reasons stated below, the Court overrules the Trustee's objection to the Debtor's claim of homestead in the property.

I.  BACKGROUND

At the time she filed her petition for relief with this Court in September 2005, Debtor listed on her Schedules of Assets and Liabilities ownership interests in two parcels of real estate, one in Overland Park, Kansas, the other one in Freeman, Missouri.  Although she owned both properties at the time of filing, she lived in neither, having made arrangements earlier for herself and her children to live with her sister.  Debtor testified that the Overland Park, Kansas property was purchased in 1996 as an investment.  Apparently, a portion of Debtor's business was acquiring properties, rehabilitating them and selling them.  This property required extensive remodeling and the job took approximately seven years to complete.  Debtor bought the property in Freeman, Missouri in the summer of 2001 and immediately moved into it with her three school-aged children.  She placed them in the school system in Freeman, Missouri where they attended for the first year.  Because her two older children apparently had problems adapting to the community, she made arrangements for them to stay with her sister in Overland Park and attend school there.  Some time later, apparently during the early part of 2003, Debtor began experiencing health problems and her income declined.  She had not succeeded in selling the Overland Park property and was having difficulty maintaining both the mortgage on it and the mortgage on the property in Freeman.  She decided to sell the Freeman, Missouri property and placed advertisements in local newspapers and other publications for that purpose.  She secured a contract with a buyer whom she financed, but who defaulted after approximately three months.  She then listed the property for sale with a realtor who recommended that she sell it at an auction.  According to her testimony, the property was to be sold in three parcels, two one-acre tracts and one tract containing the home and the remaining real estate.  Debtor testified that if the

residence and adjacent property sold for an amount sufficient to satisfy the mortgage, it was her intention to retain one of the one-acre tracts on which to place a modular home. The property sold at auction for $250,000, less than the amount of the mortgage debt on the property. Debtor refused to close on the sale because of a dispute with the agent as to whether the property was to have been sold with reserve. A lawsuit ensued by the buyer, which was pending at the time the Debtor filed her bankruptcy petition.

## II. DISCUSSION AND ANALYSIS

In Missouri, a debtor is entitled to claim as exempt up to $15,000.00 in value of a dwelling house used by the debtor as a homestead. Mo. Rev. Stat. § 513.475(1). It is true that exemption laws are enacted to provide relief to the debtor and are liberally construed in favor of the debtor. *In re Schissler*, 250 B.R. 697, 700 (Bankr. W.D. Mo. 2000); *In re Turner*, 44 B.R. 118, 119 (Bankr. W.D. Mo. 1984). Generally, homestead requires both ownership and occupancy of the premises. *Schissler*, 250 B.R. at 700; *In re Dennison*, 129 B.R. 609, 610 (Bankr. E.D. Mo. 1991); *In re Robinson*, 75 B.R. 985, 988 (Bankr. W.D. Mo. 1987). Occupancy, however, is not an absolute prerequisite to a claim of homestead exemption if the debtor can establish he or she has a bona fide intention of making the premises a permanent residence. *Schissler*, 250 B.R. 697 at 700 (quoting *State v. Haney*, 277 S.W.2d 632, 637 (Mo. 1955). That intention must be gleaned from all the facts and the circumstances, not just the declarations of the parties. *Id.*; *Dennison*, 129 B.R. at 610.

In this case, the Debtor had established the property as a homestead, but then removed herself from it for a period prior to the filing of the petition. The question is whether Debtor thereby abandoned her homestead and forfeited her right to claim it as exempt. The law does not

favor abandonment of a homestead. *Turner*, 44 B.R. at 119. As the party objecting to the exemption, the Trustee has the burden of proof. Fed. R. Bankr. Proc. 4003(c). Physical removal of the debtor from the premises, however, constitutes *prima facie* evidence of abandonment. *Farris v. Farmington Production Credit Association (In re Farris)*, 42 B.R. 388, 389 (Bankr. E.D. Mo. 1984); *Kaes v. Gross*, 3 S.W. 840, 842 (Mo. 1887) ("removal of a family from the homestead constitutes a *prima facie* case of abandonment, and raises a presumption against the claim of homestead which must be rebutted before such claim can successfully be asserted"); *Snodgrass v. Copple*, 111 S.W. 845, 846 (Mo. Ct. App. 1908) ("The removal of the family from the homestead is *prima facie* evidence of abandonment; but it is not conclusive, and may be overcome by evidence showing that the removal was temporary and accompanied by an intention to return after the accomplishment of a specific purpose which prompted it.") In order to preserve the claim of homestead after physical removal, debtor must demonstrate an intention to return, which intention was formed at the time of removal. *Schissler*, 250 B.R. at 700; *Duffey v. Willis*, 12 S.W. 520, 521 (Mo. 1889) (intention to return must be formed at the time of the removal from the premises). A vague and indefinite intention to return at some future time under certain conditions is not sufficient to prevent the removal from the premises from constituting an abandonment. *Snodgrass*, 111 S.W. at 846. Actual removal from the homestead, with no intention to return, amounts to forfeiture. *Schissler*, 250 B.R. at 700; *Duffey*, 12 S.W. at 521.

  Trustee contends that Debtor abandoned the property when she vacated some time in 2003. That move was prompted at least in part by the Debtor's desire to place her children in schools more suitable to them. Had she clearly intended to return to the residence in Freeman, Missouri when her children completed school, she might have made a case for retention of the

homestead on that basis, as courts have in several instances held that if the debtor's removal from the property was for a specified period or purpose, consistent with returning when that period expired or purpose was achieved, abandonment is not evidenced. *See*, *e.g., New Madrid Banking Company v. Brown*, 65 S.W. 297 (Mo. 1901) (move induced by wife's illness and opportunity for children to attend better schools); *Victor v. Grimmer*, 95 S.W. 274 (Mo. App. 1906) (debtor moved to avoid nuisance and intended to return upon abatement). She did not, however, so testify and the Court does not overrule the trustee's objection to her homestead exemption claim on that basis.

     Debtor did, however, retain her connections with her Freeman, Missouri residence in many respects consistent with her claim of homestead exemption and inconsistent with an abandonment. For example, she returned to the property on weekends and also during periods when school was not in session, in the latter instances, accompanied by her children. Although it was a struggle, she continued to make the mortgage payments on the property up until shortly before her bankruptcy filing. She apparently liquidated numerous assets including IRAs and other personal property in order to do so. The Trustee points out that the appliances had been sold and removed from the property well in advance of the filing of the petition. The Trustee would have the Court infer from that fact that Debtor did not intend to continue to claim the property as a homestead. The Debtor testified, however, the appliances were sold in an effort to raise funds to pay the costs of maintaining the property in order that she might retain it. Although some furnishings were removed from the property, the Debtor did keep furniture in the house until either shortly before or shortly after the filing, when it became apparent that the property would be sold, including bedroom furniture, living room furniture, a dining room table,

5

a stereo system, dishes, clothing and cleaning supplies. Leaving personal property behind is corroborative of an intent to return and thus tends to rebut any presumption of abandonment and support the claim of homestead exemption. *See, e.g., New Madrid*, 65 S.W. at 298; *Victor*, 95 S.W. at 274.

The Trustee also argues that Debtor's abandonment of the homestead is evidenced by having listed the property for sale. Debtor testified, however, that the property was to have been sold in parcels and that she intended, if the home and surrounding real estate sold for a sufficient price, to keep a tract on which to place a modular home. She also testified that, in the alternative, she intended to purchase, with the net proceeds from the sale of the Freeman, Missouri property, land in the Belton/Raymore area, approximately 12 miles away, where her mother lived and set up residence there. That testimony is uncontradicted.

Debtor claims the Missouri courts have held that a debtor does not necessarily abandon a homestead by selling it if she reinvests (or intends to reinvest) the proceeds in another homestead, citing *Snodgrass v. Copple*, 111 S.W. 845 (Mo. App. 1908). In *Snodgrass*, the debtor, whose family consisted of himself, his wife and three children, had purchased property and occupied it as a residence before experiencing certain financial reversals. As a result of inadequate opportunities in the immediate area, debtor located a job in Kansas City, rented a home there and moved his family. He placed a tenant in his residence on a month-to-month basis and left some of his household goods on the property. He later sold the property and reinvested the net proceeds in a homestead in Kansas City. The court sustained the debtor's claim of homestead exemption in the property observing:

> The sale of the homestead for the purpose of reinvesting the proceeds in another homestead did not constitute an abandonment. "The homestead law allows the

sale of the homestead and the investing of proceeds in another and permits the carrying of the exemption of the first into the second." *New Madrid Banking Company v. Brown*, 165 Mo. 32, 65 S.W. 297.

If a debtor who sells property and reinvests the proceeds in another homestead can still claim the homestead exemption in those proceeds, the Court sees no reason why a debtor who merely lists the property for sale with the stated intention to reinvest a portion of the proceeds in another homestead may not assert a claim in the resulting proceeds from the sale of the property.

### III.  CONCLUSION

Accordingly, the Court overrules the Trustee's objection to Debtor's claim of a homestead exemption in the Freeman, Missouri property.  The Court concludes that the Debtor has rebutted any presumption of abandonment arising from her having vacated the property by demonstrating that she intended to return to the property.  That intention is evidenced by her having returned to the property occasionally after removing herself and her family from it, by having left substantial personal property behind and by having continued physical maintenance and debt service payments on it.  Debtor also established that notwithstanding her having listed the property for sale and her attempts to sell it, that she at all times intended either to sell only a portion of the property while retaining a portion or, to reinvest proceeds from the sale in another homestead in a nearby location.

A separate order will be entered as required by Rule 9021.


Dated:   April 18, 2006                             /s/ Dennis R. Dow
                                                    THE HONORABLE DENNIS R. DOW
                                                    UNITED STATES BANKRUPTCY JUDGE


Copies to:
Aunna Peoples
Gerard D. Eftink